UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **ROBERT REEDOM** | **\*** | **CIVIL ACTION NO. 13-0467** |
| **VS.** | **\*** | **JUDGE DOHERTY** |
| **SABRA A. CRAPPELL, ET AL** | **\*** | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS

Pending before the undersigned for Report and Recommendation is the Motion to Dismiss for Failure to Prosecute Pursuant to Local Rule of the Western District 41.3, and Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(5) for Insufficient Service of Process, and Under Federal Rule of Civil Procedure 12(b)(1) for Lack of Subject Matter Jurisdiction filed by defendants, Sabra Crappell and State Farm Mutual Automobile Insurance Company (collectively, "State Farm"), on September 11, 2013.  [rec. doc. 9].  *Pro se* plaintiff, Robert Reedom ("Reedom"), filed opposition on September 16, 2013.  [rec. doc. 15].

Oral argument was held in open court on October 16, 2013.  Defense counsel, Gretchen Heider Mayard,  appeared at the hearing.  However, Reedom failed to appear.  Prior to the hearing, the undersigned's courtroom deputy called

Reedom, but he did not respond.  After hearing defendants' argument, the Court took the motion to dismiss under advisement.

Based on the following reasons, it is recommended that the motion be **GRANTED**.

## Background

Reedom filed a "Complaint Based upon Personal Injury" on March 4, 2013, seeking damages against defendants for "committing personal harm and injury causing back and spinal injury" due to an automobile accident.  [rec. doc. 1, ¶¶ 1, 7].  In the Complaint, he pled that he resides in New Iberia, Louisiana.  He also alleged that one of the defendants, Sabra A. Crappell, lives in New Iberia, Louisiana.  As relief, he seeks damages in the amount of $20,000,000.00.

On September 11, 2013, defendants filed the instant Motion to Dismiss on the grounds that: (1) Reedom violated Local Rule 41.3 by failing to effect service of process on defendants within 120 days after filing of the complaint; (2) Reedom's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process, and (3) Reedom's complaint should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) as no diversity exists as to the parties.

## **Standard for Lack of Subject Matter Jurisdiction**

The party asserting subject matter jurisdiction bears the burden of proof of demonstrating jurisdiction. *Lopez v. U.S. Immigration and Customs Enforcement*, 455 Fed.Appx. 427, 432 (*citing Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009)). A complaint should be dismissed for lack of subject-matter jurisdiction when "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Sawyer v. Wright*, 2012 WL 718493, *1 (5th Cir. March 7, 2012) (*quoting Davis*, *supra*). In determining whether it has jurisdiction, the court may consider: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Davis* at 649–50.

## **Analysis**

In the motion to dismiss, defendants argue that this Court lacks subject matter jurisdiction because there is no diversity among the parties.

28 U.S.C. § 1332 provides, in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States;

Here, Reedom pled that he was a resident of New Iberia, Louisiana.  He further pled that defendant, Sabra Crappell, was a resident of New Iberia, Louisiana.  On the docket sheet, he lists his address as being in New Iberia, Louisiana.  Accordingly, based on the complaint and the undisputed facts, no basis for diversity jurisdiction exists in this case.[1]

## CONCLUSION

For the reasons set forth above, it is recommended the Motion to Dismiss be **GRANTED**.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN FOURTEEN (14) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING EITHER THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.  *DOUGLASS V. UNITED*

---

[1] Because the undersigned finds that no subject matter jurisdiction exists in this case, the remainder of defendants' arguments need not be addressed.

*SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3d. 1415 (5th Cir. 1996).

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

October 17, 2013, at Lafayette, Louisiana.

*[signature]*

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RFD
On: 10/18/2013
By: MBD